UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

AMIRJON DAVLATOV                         CASE NO.  3:26-CV-02349 SEC P

VERSUS                                   JUDGE TERRY A. DOUGHTY

MARKWAYNE MULLIN ET AL                   MAGISTRATE JUDGE
                                         LEBLANC

## MEMORANDUM ORDER

Before the Court is a Motion for Preliminary Injunction [Doc. No. 6] filed by

Petitioner, Amirjon Davlatov ("Petitioner"). Petitioner seeks, via this Motion,

"immediate release from . . . custody."[1] The Motion fails for several reasons.

First, as another Judge of this Court previously noted:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

*Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025)

(emphasis added). Here too, this Motion mirrors the relief sought in Petitioner's

Petition for Writ of Habeas Corpus ("Habeas Petition").[2]

---

[1] [Doc. No. 6, p. 2].
[2] [Doc. No. 1, p. 17].

Second, to the extent that Petitioner's confinement causes difficulties given his medical ailments,[3] that argument is not cognizable in a habeas proceeding. *See Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 738 (5th Cir. 2020) (unpublished) (citing *Davis v. Fetchel*, 150 F.3d 486, 487–90 (5th Cir. 1998)) ("Section 2241 applications are used to challenge the *length* of a prisoner's sentence" whereas "a challenge to the *conditions* of his confinement" are "brought under 42 U.S.C. § 1983."). And to the extent that Petitioner's confinement limits his family's ability to meet him and his ability to attend his biometrics,[4] "some form of restraint is present in every detention." *Maria S. ex rel. E.H.F. v. Doe*, 267 F. Supp. 3d 923, 949 (S.D. Tex. 2017). All these issues are better resolved through full and proper briefing under the habeas statute and relevant legal standards.

Accordingly, since the preliminary relief Petitioner seeks—release from detention—mirrors the ultimate relief sought in Petitioner's Habeas Petition[5] and his other arguments are unpersuasive,

**IT IS ORDERED** that Petitioner's Motion for Preliminary Injunction [Doc. No. 6] is **DENIED**.

MONROE, LOUISIANA, this 4th day of August 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[3] [Doc. No. 6-1, p. 9].
[4] [Id. at pp. 19–20].
[5] [Doc. No. 6, p. 2]; [Doc. No. 1, p. 17].